IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI-TRANG THI NGUYEN,<br><br>    Plaintiff,<br><br>  v.<br><br>STARBUCKS COFFEE CORP.,<br><br>    Defendant.<br>_____/ | No. C-08-03354 EDL<br><br>**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** |

    Plaintiff Mai-Trang Thi Nguyen is proceeding pro se in this employment discrimination action against Defendant Starbucks Corporation. Plaintiff's complaint consists of a two-page letter stating generally that she has suffered "prejudice and discrimination" during her eight months of employment with Defendant as a barista, and that she didn't "get the same protection from the upper-management staff" based on her race, her religion, her gender, and her sexual orientation. There are, however, no specific facts about what happened to her. By separate pleading, she seeks $250,000,000.00 in damages.

    On September 24, 2008, Defendant moved to dismiss for failure to state a claim, or for a more definite statement. Plaintiff did not file an opposition to Defendant's motion. On October 27, 2008, however, Plaintiff filed a 136-page document entitled "Brief Chronology of Facts and Explanation," containing several exhibits. The Court held a hearing on November 4, 2008, which was attended by Plaintiff and Defendant's counsel. For the reasons stated at the hearing and in this order, the Court grants with leave to amend Defendant's motion to dismiss and denies as moot Defendant's motion for a more definite statement.

    A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is

limited to the contents of the complaint.  See Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N .A., 534 U.S. 506, 508 (2002) (holding that Title VII employment discrimination claims need not include facts or evidence establishing a prima facie case, and need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed.R.Civ.P. 8(a)(2)).  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)(citations and quotations omitted).

Here, Plaintiff's complaint, which does not make any allegations to support her claims of "prejudice and discrimination," must be dismissed for failure to state a claim.  As stated at the hearing, the Court gives Plaintiff leave to amend her complaint.  In amending her complaint, Plaintiff must focus her allegations to provide a short and concise statement of what happened to her that she believes constitutes discrimination.  Plaintiff is cautioned that a 136-page document such as the one entitled "Brief Chronology of Facts and Explanation" that she filed on October 27, 2008 after the opposition was due, is not a short and concise statement as required by Rule 8.

Plaintiff appears to be trying to allege discrimination in violation of Title VII.  In order to proceed with a Title VII claim in federal court, a plaintiff is required to present her complaint to the Equal Employment Opportunity Commission ("EEOC") before bringing a lawsuit in federal court.  See Lyons v. England, 307 F.3d 1092, 1103-04 (9th Cir. 2002).  This is called exhaustion of administrative remedies, which requires that Plaintiff file a timely complaint with the EEOC, thereby allowing the agency time to investigate the charge, and that Plaintiff receive a right to sue letter from the EEOC following their investigation.  Id. at 1104.  Here, Plaintiff's complaint does not allege that she has filed a timely administrative charge with the EEOC and has received a right to sue letter.

In addition, proper pleading of a Title VII claim generally requires, among other things, allegations that plaintiff: (1) belongs to a protected class; (2) was qualified for the position or benefit she sought; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see, e.g., Chuang v. University of California Davis, 225 F.3d 1115, 1123-24 (9th Cir. 2000).  Although Plaintiff's complaint appears to adequately allege her membership in one or more protected classes, Plaintiff's complaint does not contain any allegations regarding her qualifications, adverse employment actions (such as the denial of a promotion, termination of employment or receipt of a negative employment evaluation, but not simply shunning or ostracism in the workplace) or individuals outside of her protected class who were treated more favorably than Plaintiff.

No later than November 25, 2008, Plaintiff shall file an amended complaint setting out a short and concise statement using the framework described above and at the hearing.  Because the Court grants Defendant's Motion to Dismiss, the alternative Motion for a More Definite Statement is denied as moot.

**IT IS SO ORDERED.**

Dated: November 6, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge