IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI-TRANG THI NGUYEN, | No. C-08-03354 EDL |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S APRIL 1, 2009 LETTER** |
| v. | |
| STARBUCKS COFFEE CORP., | |
| Defendant. | |

Plaintiff Mai-Trang Thi Nguyen is proceeding pro se in this employment discrimination action against Defendant Starbucks Corporation. On March 27, 2009, the Court issued an order denying Plaintiff's motion to compel and denying Defendant's motion for sanctions. On April 1, 2009, Plaintiff sent a letter to the Court regarding certain aspects of the March 27, 2009 Order. In her April 1, 2009 letter, Plaintiff states that: (1) she never received a letter from the Court or from Defendant stating that Defendant opposed her motion to compel so she cannot be faulted for not filing a reply; and (2) she did not know that Defendant's counsel had changed until the hearing on March 24, 2009.

First, the Court does not send letters to parties informing them of filings in their cases, and is not required to do so. As stated in the March 27, 2009 Order, Plaintiff has a responsibility to periodically check the docket to keep herself informed of the filings in this case. The Court notes that in the February 20, 2009 Notice and Order Setting Briefing Schedule, which was served on Plaintiff at her address of record, the Court stated that Defendant's opposition was due no later than March 3, 2009 and Plaintiff's reply was due no later than March 10, 2009. Therefore, Plaintiff was on notice of the filing dates for her motion to compel.

Nonetheless, Civil Local Rule 5-6(a) requires parties to file a certificate of service showing

service on the opposing party when filing documents. It appears that Defendant did not file proofs of service showing service on Plaintiff of its substitution of counsel (docket no. 37) and its opposition to Plaintiff's Motion to Compel (docket no. 43). Even if the Court had disregarded the underlying documents pursuant to Civil Local Rule 5-6(b) based on Defendant's failure to file proofs of service, the Court would have decided the motion to compel in the same way based on Plaintiff's papers and her arguments at the hearing. Further, no later than April 17, 2009, Defendant shall file the proofs of service for these two documents and for any other documents for which proofs of service were not filed. In the future, Defendant shall file proofs of service showing service on Plaintiff for all documents in this case.

Second, as stated above, Plaintiff has an obligation to keep herself informed of the filings in this case. Had she done so, she would have seen that Ms. Koo was substituted out of this case in January 2009 (docket no. 37). While the Court does not condone any failure to return Plaintiff's calls made to Defendant's law firm that may have occurred, Plaintiff cannot rely on calls to Defendant to keep her updated on this case, she must check the docket herself even though she is proceeding pro se.

**IT IS SO ORDERED.**

Dated: April 10, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge