United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI-TRANG THI NGUYEN,<br><br>    Plaintiff,<br><br>  v.<br><br>STARBUCKS COFFEE CORP.,<br><br>    Defendant. | No. CV 08-3354 CRB and related<br>No. CV 09-0047<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

Plaintiff Mai-Trang Thi Nguyen (hereinafter "Nguyen") brought this pro se complaint against Defendant Starbucks Corp. (hereinafter "Starbucks") for, *inter alia*, sexual harassment, retaliation, religious discrimination, violations of the California Occupational Safety and Health Act, and the Fair Employment and Housing Act Section 12940(j)(1). Defendant brings this Motion for Summary Judgment on the grounds that there are no material issues of fact sufficient to allow any of Nguyen's claims to go forward. Nguyen filed an opposition to the Motion for Summary Judgment without filing any affidavits or discovery responses showing that there is a genuine issue of material fact for trial. Instead, Nguyen attached as exhibits various documents relating to an ongoing worker's compensation claim. Further, at the hearing, Nguyen offered yet another document relating to worker's compensation. However, none of this documentary evidence is relevant to the claims asserted against Starbucks. Therefore, Nguyen has not presented any evidence in

support of her claims.  Therefore, because Nguyen fails to establish an issue of material fact, Starbucks is entitled to an order granting summary judgment in its favor.

## BACKGROUND.

**I. Statement of Facts**[1]

### A. Nguyen's Employment with Starbucks

Starbucks hired Nguyen on October 22, 2007 to work as a barista at store 509 on Union Street in San Francisco, California.  Elizabeth Tashakori is the Manager of store 509. Nguyen worked at Starbucks for eight months before she went on worker's compensation leave in early June 2008.

Prior to her leave, Nguyen's behavior toward co-workers and customers had become increasingly erratic and inappropriate.  Nguyen would frequently become angry with her supervisors and co-workers when she was asked to perform tasks that were part of her job as a barista.  Once, Nguyen became extremely upset because she had been asked to work at the bar making coffee.  She turned on a steam wand near a co-workers' face, nearly scalding him.  Nguyen's Shift Supervisor, Jeremy Estrada, also observed Nguyen on many occasions asking customers inappropriate personal questions, such as what country they were from or what religion they practiced.  On another occasion, Nguyen told a female co-worker how much money she could charge for various sex acts if the co-worker ever decided to become a prostitute.  Prior to her discharge, several customers had complained about Nguyen's inappropriate behavior.

### B. Nguyen's Termination

On June 10, 2008, Nguyen complained to Starbucks' Regional Partner Resources Manger, David Razon, that she was experiencing "negativity" from her co-workers which was causing her mental pain.  Nguyen told Razon that she believed the "negativity" was directed at her because she was Asian.  When pressed for details, Nguyen complained about the tone of her co-workers' voices.  She also accused one co-worker of turning against her

---

[1] The evidence recounted below is taken entirely from evidence provided by Starbucks in support of its motion for summary judgment.

2

and stated that her body hurt. Nguyen told Razon that she had injuries to her wrist, spine, and back. She did not explain how she got those injuries or whether they were work related. Instead, she said that she couldn't handle the "mental pain" and could not return to work.

According to Razon, he immediately investigated Nguyen's "negativity" complaints of June 10, 2008. Razon's investigation yielded no facts that supported Nguyen's claims of "negativity" or inappropriate conduct from her co-workers or supervisors. Razon found no evidence that Nguyen was being harassed or discriminated against because of sex or religion. Plaintiff alleges, on the other hand, that Starbucks failed to investigate and discipline "hostile harassments after the plaintiff made verbal and written complaints to upper management." It is unclear what type of "hostile harassments" Nguyen refers to in her complaint.

The Company arranged for Nguyen to go on leave of absence, which began the following day. Nguyen's last day of work at Starbucks was June 9, 2008. Three days later, on June 12, Nguyen sent Razon a written statement to support her needs for worker's compensation leave. Razon found this letter both alarming and offensive. The letter was addressed to "Dear Mr. Starbucks," and in it, Nguyen wrote that she would "rather be saving da world via a porn-star instead of working as a barista" and "Bring out your best boys & whores because I'm really cute, HOT & HORNY! I ♡♡♡ POT !!!." She further wrote: "God is here 2 save you . . . . But 4 only da price of $250,000,000." Later, Nguyen came to the Union Street store to collect her paycheck. She began taking pictures of store employees and was asked to leave by the store's managers.

On or about June 22, 2008, a Starbucks employee showed Nguyen's MySpace page to Assistant Manager Spreckelmeyer. Nguyen had made the existence of her MySpace page widely known to her co-workers. Spreckelmeyer read Nguyen's blog entry dated June 19, which contained the following threats against Starbucks and her co-workers:

> Starbucks is in deep shit with GOD!! I am now completely disenchanted with humans n I have NO MO Energy left 2 deal w/ their negativity. I've worked Tirelessly 2 not cause trouble, BUT I will now have 2 to turn 2 my revenge side (GOD'S REVENGE SIDE) 2 teach da world a lesson of stepping on GOD. I thank GOD 4 pot 2 calm down my frustrations n worries or else I will go beserk n shoot everyone . . . Prepare to See Crazy Trang in public eye soon IN UR TELEVISION n other news vehicles. I don't know when EXACTLY 'cause only GOD

3

> knows of our Exact timing in his PERFECTED-CREATED NETWORK (fate!) BUT all I know is I will fight 2 be heard beyond my death. ; ) N I will not be happy unless I win because I AM GOD N GOD DON'T LOSE.

A number of her co-workers had already seen the site and expressed concern to management that they felt unsafe.

Spreckelmeyer became extremely concerned by the threats. Fearing that Nguyen might harm him and other Starbucks employees and customers, Spreckelmeyer immediately called the police. The police arrived and prepared a report and advised that Starbucks request a temporary restraining order. Concerned about Nguyen's threats, Tashakori immediately reported the threats to Razon.

After additional investigation into Nguyen's conduct, Starbucks terminated Nguyen's employment by letter dated August 25, 2008 because of "inappropriate conduct and threatening violence to Starbucks and its employees." Nguyen, on the other hand, claims that the real reason she was discharged was because of her religion.

### C. Nguyen's Allegations

Nguyen alleges a variety of allegations in her two complaints. However, Nguyen fails to identify any affidavits or discovery responses in support of her pleadings.

#### 1. Sexual Harassment Claim

Plaintiff alleges seven total incidents that comprise Nguyen's sexual harassment claim. Nguyen claims that her Shift Supervisor, Jeremy Estrada, observed her while she was changing her skirt in the store's basement. On this point, Jeremy Estrada states that Nguyen walked into the basement while he was counting tips and started changing her clothes behind him. Estrada had his headphones in and ignored Nguyen as she changed. Nguyen also alleges that Estrada told her, "this is a man's world." Nguyen further asserts that on four occasions in May 2008, Manger Elizabeth Tashakori "charg[ed] her breasts toward [Nguyen's] breasts to create a breast-bumping action." Finally, Nguyen claims that Assistant Manager Derek Spreckelmeyer "harassed the plaintiff's love life." Tashakori, Estrada and Spreckelmeyer all deny Nguyen's allegations in their affidavits.

#### 2. Religious Discrimination Claim

4

Plaintiff alleges in her Second Complaint that the real reason she was discharged was because of her religion. Accordingly, Starbucks "[f]ired the plaintiff [] on August 25th, 2008 by misconstruing her religious writings on the old website (www.myspace.com/10389439) by saying that she threatened 'violence to Starbucks and its employees.'" In its affidavits, Starbucks denies that religion played any role in her termination.

### 3. California Occupational Safety and Health Act (OSHA) Claim

Plaintiff claims that Assistant Manager Derek Spreckelmeyer, "verbally force[d] the plaintiff to carry heavy mats after she made several verbal complaints that she could not carry the floor mats which led the plaintiff to develop a back strain at work." On June 1, 2008, Nguyen arrived at work, announced that her back hurt, and then left without an explanation of how she injured herself. When Tashakori asked Nguyen whether Nguyen had injured herself at work, Nguyen responded "No." Nguyen did, however, provide Starbucks with a doctor's note stating that she had a "stress-related" condition, which resulted in her missing work from June 2 to June 5, 2008. This doctor's note did not mention a back injury.

### 4. California Labor Code Section 5401 Claim

Plaintiff alleges that Starbucks "failed to document the plaintiff's injury on the day of injury in which the injury arose out of the employment and occurred in the course of employment on June 1st, 2008." She further alleges that Starbucks failed to supply her with the DWC-1 form within 1 day after being notified of her injury. According to Tashakori, on June 1, 2008, Nguyen came to work and worked for two hours before claiming that "her back hurt." Nguyen was off work from June 2 to June 5, 2008. Nguyen did not report that her alleged back pain was work-related, and when she returned to work, Nguyen did not complain of back pain.

### 5. Sexual Orientation Harassment Claim Under FEHA

Plaintiff alleges two incidents upon which her sexual orientation harassment claim is based. According to the Plaintiff, she was the victim of "anti-heterosexual comment[s]." Plaintiff alleges that Jeremy Estrada screamed out to the Plaintiff, "I hate it when I see straight people getting married and having children and having a family and I can't. I just

5

hate it!" Derek Spreckelmeyer also allegedly called her a "fag hag." Both Spreckelmeyer and Estrada deny in their decalrations that they made the comments Nguyen attributes to them.

### 6. Libel Claim Under California Civil Code Section 45

Nguyen alleges that Starbucks "printed libel stating the plaintiff threatened 'violence to Starbucks and its employees' as one of the reasons for firing the plaintiff." Nguyen's termination letter was addressed and delivered only to Nguyen and confirmed the reasons for the termination of her employment. Nguyen further alleges that Spreckelmeyer "express[ed] a slander about the plaintiff's honest integrity in front of a customer by saying, 'No you are not. You are lying!'" in reference to the plaintiff's marital status.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact issue is "material" only if it could affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A principal purpose of the summary judgment procedure is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 323-24. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. See id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved

against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630-31 (9th Cir. 1987).

## DISCUSSION

Nguyen has failed to raise a genuine issue of material fact as to any of her claims. In opposing a summary judgment motion, a nonmoving party must "go beyond the pleadings and, by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citing F.R.C.P. 56(e)); see also Bias v. City of San Leandro, 508 F.3d 1212, 1218 (9th Cir. 2007) ("[b]ecause [pro se plaintiff] failed to present any evidence in opposition to [Defendant's] motion for summary judgment, she has failed to demonstrate that there are any genuine issues of material facts in dispute."). Thus, to avoid summary judgment, Nguyen was "required to present significant probative evidence tending to support her allegations." Bias, 508 F.3d at 1218 (internal quotation and citation omitted). As noted above, Nguyen failed to adduce any relevant evidence to support her allegations. Nguyen has not presented any affidavits or discovery responses to oppose the Motion for Summary Judgment. Instead, Plaintiff has only provided irrelevant exhibits and nonsensical statements that have no bearing on any of her claims. "A district court lacks the power to act as a party's lawyer, even for *pro se* litigants." Id.

Starbucks, on the other hand, has provided extensive evidentiary support for its contention that all Nguyen's claims are meritless. Because the Court has no obligation to search the record for triable issues, the Court can rely entirely on the evidence designated by the moving party showing no such triable issue exists. See Bias, 508 F.3d at 1218-19 (even for pro se litigants, the "district court does not have a duty to search for evidence that would create a factual dispute"); see also Carmen v. S.F. Unified School Dist., 237 F.3d 1026, 1029-31(9th Cir. 2001) (holding that it would be "unfair" to the district court to require it "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found.").

## CONCLUSION

Because Plaintiff has failed to go beyond the pleadings and offer evidence in support of her claims, Starbucks is entitled to judgment as a matter of law. Therefore, this Court hereby GRANTS Defendant Starbucks' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: December 7, 2009

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE